## Case No. 1,173.

### BEAN v. SMALLWOOD.

[2 Story, 408; 2 Robb, Pat. Cas. 133; Merw. Pat. Inv. 312.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1843.

PATENTS FOR INVENTIONS —COMBINATION— NOVELTY.

1. A machine is only patentable, when it is substantially new; but the application of an old machine to a new purpose is not patentable.

[Cited in Le Roy v. Tatham, 14 How. (55 U. S.) 177; Winans v. Denmead, 15 How. (56 U. S.) 347; Bray v. Hartshorn, Case No. 1,820; Sarven v. Hall, Id. 12,369; Northwestern Fire Extinguisher Co. v. Philadelphia Fire Extinguisher Co., Id. 10,337; Alcott v. Young, Id. 149; Couse v. Johnson, Id. 3,288; Gottfried v. Crescent Brewing Co., 9 Fed. 766; Worswick Manuf'g Co. v. City of Kansas, 38 Fed. 248.]

2. In the present case the invention was held not to be patentable, because it was merely the application of an old apparatus to a new purpose.

[Cited in Teese v. Phelps, Case No. 13,819; Hebbard, Ex parte, Id. 6,313.]

[3. Cited in Smith v. Downing, Case No. 13,036, to the point that what is patentable is not an abstract principle, but the embodiment of the principle into a machine as described in the specification, and it is the invention, in conformity to that embodiment or representation of the working, that the acts of congress will protect.]

Case [by Samuel Bean against Thomas Smallwood] for infringement of a patent [No. 1,531, granted to S. Bean, and] dated 30th of March, 1840, for "a new and useful improvement in the rocking chair." The specification annexed to the patent stated as follows: "The principal feature of this invention and improvement consists in making the seat and stool of the chair in two parts, so that whilst the stool remains stationary, the seat is made to rock on the top of it; thus doing away with the long and cumbersome rockers on the common chair, which occupy a great deal of room, and are very destructive to carpets, and which also renders the back of this improved chair susceptible of being fixed in a reclining position at any angle to suit the wishes of the sitter, and at the same time rendered perfectly secure from being thrown off the stool."

Plea, the general issue, with a notification of special matters of defence. (1) That the invention was not new, but is described in certain books, naming them, and invented and used before by certain persons, naming them.

Mr. Sewall, for plaintiff.

B. R. Curtis, for defendant.

B. R. Curtis, for the defendant, at the trial, cited London Journal of Arts and Sciences, (of the conjoint series,) vol. 7, 1836, p. 161, describing an easy chair patented in

[1] [Reported by William W. Story, Esq. Merw. Pat. Inv. 312, contains only a partial report.]

1833. The chair is in two parts, on curved surfaces; he also cited Phil. Pat. 102, 106. He also read the specification of Simmons's patent for "an improvement in rockers for chairs, cradles, or other things intended to be rocked," granted in 1819.

Sewall, for the plaintiff, admitted, that the first two parts in the claim in the plaintiff's specification of his invention were similar to those in Simmons's patent; but he insisted, that the third part in his claim in the specification was the plaintiff's invention, and under the patent act of 3d of March, 1837, [5 Stat. 194,] c. 45, § 9, he was entitled to maintain his present suit for an improvement thereof, as the patent was by the act good pro tanto. He added, that the third claim was new, and if not, it was an application to a new purpose.

Curtis, e contra, contended, that the section applied only to cases where the patent was broader than the invention, by mistake, accident, or inadvertence. He further insisted, that the plaintiff's patent was substantially, in all respects, like Simmons's patented invention, with unimportant differences of form. And he called a witness who established the facts; and his testimony was admitted by the plaintiff to be unimpeachable.

STORY, Circuit Justice. It seems to me, that, upon the evidence admitted by the parties, the plaintiff has no case. His patent is not (as the plaintiff admits) for a new combination of old materials, or for a new rocking-chair, framed in a manner unknown before. If it were, it seems admitted by the plaintiff, that, upon the evidence, it would not be maintainable. It would seem open to one of two objections; (1) That the defendant does not use precisely the same combination; but a modification thereof; that is to say, although he uses the two first specifications of the claim in the patent, he does not use the third; but an apparatus to accomplish the same purpose, of a somewhat different structure. Or, if the last apparatus be substantially like the plaintiff's, then that the same apparatus is not new, nor the combination in any part new. But he contends, and it seems to me that it may, perhaps, be deemed a fair interpretation of the words, in which the claim is summed up in the specification, that it is a claim for three distinct and several things, and that if either is new, pro tanto, he is entitled to maintain his suit under the 9th section of the patent act of 1837, c. 45. Now the summing up of his claim is as follows: "What I claim as my invention and desire to secure by letters patent consists, (1) In making the seat and stool of the chair in two parts, so that the seat shall rock on the top of the stool, instead of having the parts permanently united with rockers on the legs of the stool, as here-

tofore. (2) And also the mode of connecting together the seat and stool by the vertical plates attached to the seat, passing through the stool, with shoulders projecting from the sides thereof, which catch against the under side of the stool when the seat is rocked to or fro. (3) And likewise the manner of reclining the back of the seat at any angle required, by the lock plates and notches in the hanging plates, which receive them as before described."

The first two specifications of claim are admitted to be the same as in Simmons's patent, and therefore are not new or patentable. The third and last specification of claim, upon the testimony of Mr. Eddy, which is admitted to be true, is equally unsupportable. He says, that the same apparatus, stated in this last claim, has been long in use, and applied, if not to chairs, at least in other machines, to purposes of a similar nature. If this be so, then the invention is not new, but at most is an old invention, or apparatus, or machinery, applied to a new purpose. Now, I take it to be clear, that a machine, or apparatus, or other mechanical contrivance, in order to give the party a claim to a patent therefor, must in itself be substantially new. If it is old, and well known, and applied only to a new purpose, that does not make it patentable. A coffee mill applied for the first time to grind oats, or corn, or mustard, would not give a title to a patent for the machine. A cotton gin applied without alteration to clean hemp, would not give a title to a patent for the gin as new. A loom to weave cotton yarn would not, if unaltered, become a patentable machine as a new invention by first applying it to weave woolen yarn. A steam engine, if ordinarily applied to turn a grist mill, would not entitle a party to a patent to it, if it were first applied by him to turn the main wheel of a cotton factory. In short, the machine must be new, not merely the purpose to which it is applied. A purpose is not patentable; but the machinery only, if new, by which it is to be accomplished. In other words, the thing itself which is patented must be new, and not the mere application of it to a new purpose or object. Under these circumstances, upon the admissions of the parties, it does not strike me that the action is maintainable.

The plaintiff submitted to a non-suit.